UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ALTA PARTNERS, LLC,                                                     :
                                                                        :
                              Plaintiff,                                :
                                                                        :     24-CV-373 (JMF)
              -v-                                                       :
                                                                        :     MEMORANDUM OPINION
SAFETY SHOT, INC.,                                                      :     AND ORDER
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Alta Partners, LLC ("Alta") brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and federal securities fraud against Safety Shot, Inc. ("Safety Shot"), in connection with warrants issued by Safety Shot (then named Jupiter Wellness, Inc.). Alta alleges that Safety Shot violated the agreement governing the warrants (the "Warrant Agreement") by denying Alta's (and its assignor's) requests to exercise their warrants on a cash basis in November and December 2023, purportedly because Safety Shot did not have an effective registration statement that would permit the cash exercise of the warrants. *See* ECF No. 30 ("Amended Compl."), ¶¶ 1-6. In the alternative, Alta alleges that Safety Shot failed to use commercially reasonable efforts to maintain an effective registration statement, constituting a separate breach of the Warrant Agreement, breach of the implied covenant of good faith and fair dealing, and violation of federal securities disclosure requirements. *See id.* ¶¶ 10, 43-49. As a result of Safety Shot's conduct, Alta alleges it was "denied the opportunity to exercise the Warrants at a strike price of $1.40 and sell the Warrant Shares at a higher price and thus suffered significant monetary damages," *id.* ¶ 68; *see id.* ¶ 79, and that it "has been incurring approximately $3,400 in daily fees in connection with a short position it took in Safety Shot's

stock in anticipation of exercising the Warrants," *id.* ¶ 38.  Safety Shot now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint.

Safety Shot's motion — which is sparse on legal argument — is premised on a misunderstanding of Alta's claims and disputed facts and, thus fails.  As to the former, Safety Shot contends that there was no breach because Alta was permitted under the Warrant Agreement "to obtain the exact same stock value regardless of whether there was an effective registration statement in effect," albeit through either "cashless exercise" or "restricted stock." ECF No. 40 ("Def.'s Reply"), at 2 (emphasis omitted).  That may or may not be so, but it is beside the point because the gravamen of Alta's claim is precisely that Safety Shot breached by not permitting a cash exercise for unrestricted stock.  And to the extent Safety Shot argues that Alta fails to state a claim because "cashless exercise and cash exercise yield[] the exact same stock value," Def.'s Reply 5 & n.2; *see* ECF No. 34 ("Def.'s Mem."), at 4-7 & n.5, it overlooks the import of its own observation that Alta "needed the stock to cover its short position," Def.'s Reply 6 (emphasis omitted).  If Safety Shot is correct that Alta was entitled only to cashless exercise at the relevant points in time, then it may be that Alta's losses are the result of its own "poor investment decisions." *Id.*  But, as Safety Shot implicitly concedes, if it is *wrong*, then Alta was indeed denied the benefit of its bargain and suffered damages as a result.

Safety Shot also argues that it did not breach the Warrant Agreement because cash exercise was not permitted in the absence of an effective registration statement or prospectus, and the original S-1 Form (that it concedes had effectively registered the Warrant shares) was no longer accurate at the time Alta and its assignee attempted to exercise their warrants because of material changes in the company.  *See* Def.'s Mem. 12-14.  But Alta alleges that there *was* an effective registration statement at the time it attempted exercise.  *See, e.g.*, Amended Compl.

2

¶¶ 20-26.  True, a prospectus may be rendered not current "if there have been '[p]ost-effective developments which materially alter the picture presented in the registration statement.'"  *Alta Partners, LLC v. Getty Images Holdings, Inc.*, No. 22-CV-8916 (JSR), 2023 WL 7095975, at *8 (S.D.N.Y. Oct. 26, 2023) (quoting *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1095 (2d Cir. 1972)).  But whether that was the case here and, if it was the case, whether Safety Shot unreasonably delayed obtaining approval of an amended registration are questions of fact not ripe for adjudication on a motion to dismiss pursuant to Rule 12(b)(6).  *See id.* (observing, at the summary judgment stage, that the defendant had failed to "mobilize evidence in the record that shows[] how the post-effective disclosures were material"); *see also, e.g.*, *Tang Cap. Partners, LP v. BRC Inc.*, 661 F. Supp. 3d 48, 75 (S.D.N.Y. 2023) (reaffirming that factual disputes are not suitable for resolution on a motion to dismiss).

In short, Safety Shot's motion to dismiss must be and is DENIED.  Unless and until the Court orders otherwise, Safety Shot shall answer Alta's claims **within two weeks of the date of this Memorandum Opinion and Order**.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **December 10, 2024**, at **9:00 a.m.**  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan. *See* ECF No. 9.

The Clerk of Court is directed to terminate ECF No. 33.

SO ORDERED.

Dated: November 13, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge